UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JASON TUITE, *pro se*,

                            Petitioner,

           -against-

UNITED STATES OF AMERICA,

                            Respondent.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER
11-CR-394 (DLI) and 17-cv-315(DLI)**

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* Petitioner Jason Tuite ("Petitioner") filed a motion[1] to vacate his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). *See generally*, Dkt. Entry No. 36 ("Motion"). On November 8, 2011, Petitioner pled guilty to Counts 1-3 of the indictment charging him with knowingly distributing, via his computer, a visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) and to Count 4 of the indictment charging him with knowingly possessing a visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). Dkt. Entry Nos. 7, 17. On March 23, 2012, Petitioner was sentenced to 120 months of imprisonment on Counts 1-3 and 60 months of imprisonment on Count 4, all terms to run concurrently with each other, and each term of imprisonment was to be followed by ten years of supervised release, also to run concurrently with each other. *See* Minute Entry May 23, 2012 and Judgment and Commitment Order ("J&C"), Dkt. Entry No. 27.

---

[1] In reviewing Petitioner's motion, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the Court interprets the motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis, citations, and internal quotation marks omitted).

1

Petitioner, who was represented on appeal, timely appealed his conviction, arguing only that his sentence was substantively unreasonable in comparison to his previous terms of imprisonment. By mandate issued May 30, 2013, the Second Circuit summarily affirmed Petitioner's conviction and sentence. *See,* Dkt. Entry No. 34.

On January 17, 2017, Petitioner filed the instant motion seeking to vacate his sentence on the grounds that: (i) subsequent amendments to §§ 2G2.2(b)(3)(B) and (b)(3)(F) of the United States Sentencing Guidelines ("U.S.S.G.") preclude the application of two- and five-level enhancements for distributing child pornography "in exchange for any valuable consideration"; (ii) he did not knowingly distribute child pornography; and (iii) he did not "knowingly[,] intelligently[,] and voluntarily enter his plea" of guilty. *See generally*, Motion, Dkt. Entry No. 36. The government opposes the motion arguing that: (i) the five-level enhancement for distribution of child pornography "in exchange for any valuable consideration" was not applied at sentencing; (ii) Petitioner's allocution included an admission to knowingly distributing child pornography, satisfying the post-amendment requirements of the two-level distribution enhancement applied to Petitioner's sentence; (iii) Petitioner is not eligible for resentencing because he received a sentence below the guidelines range; and (iv) Petitioner's collateral attack on his guilty plea is barred procedurally. *See,* Mem. of Law in Opp'n ("Gov't Opp'n"), Dkt. Entry No. 38. For the reasons set forth below, the motion is denied in its entirety.

## **BACKGROUND**

During December 2010, Immigration and Customs Enforcement ("ICE") agents investigated internet protocol ("IP") addresses that shared child pornography over the internet. Gov't Opp'n at 1. One such IP address was associated with Petitioner. *Id.* at 2. On February 16, 2011, ICE executed a search warrant at the Staten Island address associated with Petitioner's IP

address, but found the residence vacant. *Id.* at 2. ICE learned Petitioner's new address through the United States Postal Service, and, on April 4, 2011, executed a search warrant at the new address. *Id.* Petitioner was interviewed at the time of the search and he admitted to owning the account with an internet service provider and downloading child pornography for at least one year. *Id.* Petitioner also told the ICE agents that he had been arrested twice previously for incidents involving children and pornography. *Id.* The ICE agents seized Petitioner's laptop, which contained 165 images and 219 videos of child pornography. *Id.* at 3.

On May 23, 2011, a federal grand jury in the Eastern District of New York indicted Petitioner on Counts 1-3 charging him with knowingly distributing, via his computer, a visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), and on Count 4 charging him with knowingly possessing a visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). *See*, Indictment, Dkt. Entry No. 7. On November 8, 2011, Petitioner pled guilty to all four counts of the indictment. Gov't Opp'n at 5; Dkt. Entry No. 17.

The United States Probation Department ("Probation") disclosed a presentence report ("PSR") and calculated the sentencing guidelines range ("SGR") to be 188-235 months of imprisonment. Gov't Opp'n at 5. As to Counts 1-3, which were grouped, Probation used a base offense level of 22, adding a 2-level enhancement for material involving minors under the age of twelve (U.S.S.G. § 2G2.2(b)(2)), a 2-level enhancement for distribution of child pornography using computer sharing programs (U.S.S.G. § 2G2.2(b)(3)(F)), a 4-level enhancement for material portraying sadistic and/or masochistic or other depictions of violence (U.S.S.G. § 2G2.2(b)(4)), a 2-level enhancement for the use of a computer in distributing child pornography (U.S.S.G § 2G2.2(b)(6)), and the possession of more than 3,500 images of child pornography (here, 16,590

images) (U.S.S.G. § 2G2.2(b)(7)(D)). *Id.* at 5-6 (citing PSR ¶¶ 29-34). Petitioner's adjusted offense level for Counts 1-3 was 37. *Id.* at 6.

As to Count 4, Probation used a base offense level of 18 and applied the same enhancements that were applied to Counts 1-3, resulting in an adjusted offense level of 33 for Count 4. After conducting a grouping analysis and subtracting levels for timely acceptance of responsibility, the final total offense level was 34. Gov't Opp'n at 6 (citing PSR ¶¶ 54-56).

Probation calculated Petitioner's criminal history category as III, based on several prior convictions. *Id.* at 7 (citing PSR ¶ 68). Petitioner's first arrest and conviction was in 2006 for Acting in a Manner to Injure a Child Less Than 17 for inappropriate contact with an eleven-year-old child. *Id.* at 6 (citing PSR ¶ 58). The original three-year term of probation imposed for this conviction was later revoked. *Id.* (citing PSR ¶ 58). Petitioner was arrested again in February and April 2007 and convicted of Acting in a Manner to Injure a Child Less Than 17 for showing pornographic images to eleven- and twelve-year-old children. *Id.* (citing PSR ¶¶ 62-65). Finally, Petitioner was convicted in 2011 for possession of a Forged Instrument. *Id.* (citing PSR ¶ 66). This criminal history resulted in a total of five criminal history points and a Criminal History Category of III. *Id.* (citing PSR ¶ 68). Based on a total offense level of 34, and Petitioner's criminal history category, Probation calculated the SGR as 188-235 months of imprisonment. *Id.* (citing PSR ¶ 112).

On May 23, 2012, the Court adopted the SGR calculated by Probation and imposed a sentence substantially below the calculated guidelines: 120 months of imprisonment on Counts 1-3, and 60 months of imprisonment on Count 4, all terms of imprisonment to run concurrently with each other and each followed by ten years of supervised release also to run concurrently with each

4

other. J&C, Dkt. Entry No. 27. Petitioner appealed his sentence on the ground that it was substantively unreasonable, and the Second Circuit affirmed. Dkt. Entry No. 34.

On November 1, 2016, Amendment 801 to the U.S.S.G became effective. The amendment added a *mens rea* requirement for the enhancements under Section 2G2.1, meaning that a defendant had to have "knowingly" distributed child pornography to be eligible for an enhancement. *See*, Appendix C, U.S.S.G., Amendment 801. On or about January 17, 2017, Petitioner filed the instant Motion, seeking relief based on the amendment to the sentencing guidelines, and alleging that his guilty plea was not knowingly and voluntarily made. *See generally*, Motion.

## DISCUSSION

As an initial matter, since Petitioner seeks to be resentenced based on an amendment to the U.S.S.G., the Court construes the Motion, at least in part, as a motion to amend his sentence pursuant to 18 U.S.C. § 3582(c)(2). *See, e.g.*, *Izzo v. United States*, 2006 WL 1026718, at *6 (E.D.N.Y. Apr. 14, 2006) (construing 28 U.S.C § 2255 Motion as motion to amend sentence under 18 U.S.C. § 3582).

Petitioner is not entitled to resentencing. As an initial matter, a review of the sentencing transcript reveals that the Court did not apply the five-level enhancement for distributing child pornography "in exchange for any valuable consideration" as Petitioner now alleges. Second, Petitioner allocuted to knowingly distributing child pornography (*See,* Sentencing Tr., Dkt. Entry No. 38-2, at 35:10-36:24), which satisfies the post-amendment *mens rea* requirement for the two-level enhancement applied under § 2G2.2(b)(3)(F). Third, even if Petitioner's allocution did not satisfy the requirements of § 2G2.2(b)(3)(F) and the enhancement were not applied, Petitioner's 120-month sentence was still well below the SGR of 151-188 that would have been applicable

5

without the two-level enhancement. The U.S.S.G. do not permit a court to reduce a sentence below the minimum of the amended SGR. U.S.S.G. § 1B1.10(b)(2)(A) (a court may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range."); *Dillon v. United States*, 560 U.S. 817, 827 (2010) (same). Accordingly, there is no basis upon which to amend Petitioner's sentence.

Additionally, since Petitioner failed to challenge the voluntariness of his plea on direct appeal, that argument is procedurally barred. *Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[P]etitioner contested his sentence on appeal, but did not challenge the validity of his plea. In failing to do so, Petitioner procedurally defaulted the claim."). Accordingly, the Motion is denied on that ground.

## **CONCLUSION**

For the reasons set forth above, the Motion is denied in its entirety. Petitioner further is denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See* Fed. R. App. P. 22(b); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2020

/s/
DORA L. IRIZARRY
United States District Judge